UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:24-CV-588-CCE-JEP

**Tim Ceasar Blanks**,

Plaintiff,

v.

**Sgt. Capel**, *et al.*,

Defendants.

**Sessoms, Brewington, and Ricker's Objections to Memorandum and Recommendation**

Defendants Sessoms, Brewington, and Ricker ("Objecting Defendants") object to the Memorandum Opinion and Recommendation of United States Magistrate Judge entered on July 24, 2026, to the extent the memorandum recommends denying in part the Motion for Summary Judgement filed by Objecting Defendants. The Memorandum improperly presumed Blanks pleaded facts sufficient to support a theory of bystander liability against Ricker but not against other defendants, found that evidence supported a finding that Sergeant Caple used more than de minimis force, and considered the right at issue in a broader scope than appropriate for determining qualified immunity. This Court should therefore grant summary judgment as to all Objecting Defendants.

1

## Standard of Review

This Court reviews the recommendations of a magistrate judge de novo. 28 U.S.C. § 636(b)(1).

## Objections

**1. Officer Ricker cannot be held liable under a theory of bystander liability when Blanks did not plead any facts to support this theory.**

Though the Memorandum suggests that Blanks's Complaint should not be read to allege a theory of bystander liability against Sergeant Brewington or Lieutenant Sessoms, DE 81 at 19 n. 4, 20 n. 5, the Memorandum does not afford the same approach toward Officer Ricker, DE 81 at 17, despite similar deficiencies in the Complaint. Citing Blanks's Response in Opposition to Objecting Defendants' Motion for Summary Judgment, the Memorandum observes that Blanks's claim against Ricker "could be one based on the theory of bystander liability." DE 81 at 17.

But Blanks's Complaint fails to advance this theory for Ricker, just as it failed to advance this theory for Brewington and Sessoms. Of Ricker, the Complaint merely states "Officer Ricker[] threatened to spray me first, then told Sgt. Cap[le] to spray me, and she did." DE 2 at 5. The Complaint does not allege facts to even suggest Ricker (1) knew that another officer was violating his rights, (2) had a reasonable opportunity to prevent harm, or (3) chose not to

2

act, all of which are required to support a bystander liability claim. *Randall v. Prince George's Cnty.*, 302 F.3d 188, 204. Instead, this single sentence, if it could be read to support any theory of direct liability, should be read to advance a theory that Ricker threatened to use force or a theory of supervisory liability, both theories the Memorandum correctly recommends dismissing. DE 81 at 15-17. While a pro se complaint should be held to less stringent standards than formal pleadings drafted by lawyers, a pro se complaint must still rely on facts to support asserted claims. *See Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (noting that *Bell Atlantic Corporation v. Twombly* still requires pro se complaints to feature "more than labels and conclusions."). And Blanks cannot now mend his defective Complaint during the summary judgment stage. *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) ("[A] plaintiff may not amend [his] complaint via briefing."). To the extent Objecting Defendants argued against a theory of bystander liability for Ricker in their brief, such an argument should be viewed in the same light as the arguments made for Brewington and Sessoms, that these arguments were advanced "out of an abundance of caution" and not because Blanks properly asserted a claim. DE 81 at 19 n. 4, 20 n. 5.

As with Brewington and Sessoms, this Court should not read Blanks's Complaint to allege a theory of bystander liability against Ricker and should

3

fully grant Ricker judgment as a matter of law for the reasons provided elsewhere in the magistrate judge's Memorandum. *See* DE 81 at 15-17 (recommending granting summary judgment in favor of Ricker for claims of (1) threating Blanks with violence and (2) supervisory liability).

### 2. The totality of circumstances reveal that the use of force was not objectively serious.

Addressing Objecting Defendants' argument that the force used against Blanks was objectively de minimis, DE 65 at 10-12, the Memorandum misstates the argument and fails to properly distinguish relevant cases, DE 81 at 18.

Objecting Defendants do not argue against the objective component of Blanks's excessive force claim merely "because there is evidence that Blanks did not suffer injuries from the pepper spray." DE 81 at 18. Objecting Defendants could not sustain such an argument where the Supreme Court has distinguished between de minimis injury and de minimis force, "and it is the latter that ultimately counts." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

Instead, Objecting Defendants argue that the force used against Blanks, rather than the injuries he allegedly suffered, was objectively de minimis. DE 65 at 10. The fact that evidence strongly suggests Blanks remained uninjured during the incident, though not dispositive, supports an argument that the

4

force used was de minimis. *Wilkins*, 559 U.S. at 37 ("[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation.") (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Thus, the court in *Hamilton v. Roederer Correctional Complex* observed that an "inmate is not required to suffer a serious injury to state a constitutional claim, but the extent of his injuries may be considered in determining whether the force used was wanton and unnecessary." No. 3:20-CV-P160-DJH, 2020 WL 4587524 (W.D. Ky. Aug. 10, 2020) (citing *Wilkins*, 559 U.S. at 38-40). The plaintiff in the *Hamilton* case, as in the present case, was peppered sprayed on his back, and the court in *Hamilton* held that "Plaintiff's allegations show nothing more than a *de minimis* use of force." *Id.* The court focused its analysis on the *act* of correctional staff, rather than merely the *injury* to the inmate, to determine if the objective component of an excessive force claim had been met. *Id.*

This Court should follow the persuasive lead of *Hamilton* and hold that a one-half second burst of pepper spray administered to the back of a non-compliant inmate's shirt does not satisfy the objective component of an excessive force claim. *See* DE 86 (Caple arguing that the Memorandum mistakenly presumed that Blanks was sprayed in his face).

**3. Blanks's purported right to be free from being briefly sprayed on the back of his shirt after continued noncompliance was not clearly established, such that Officer Ricker is entitled to qualified immunity.**

The Memorandum conclusively dismissed Objecting Defendants' qualified immunity argument because "[t]he constitutional right of an inmate in handcuffs inside a locked cell to be free from excessive force was clearly established." DE 81 at 18. But this Court should not adopt such a broad perspective of the right at issue and should instead "define the right at the 'appropriate level of specificity.'" *Estate of Jones v. City of Martinsburg*, 961 F.3d 661, 667 (4th Cir. 2020) (quoting *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 539 (4th Cir. 2017)). In other words, this Court should not "define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). The analysis to determine the right at issue should incorporate the relevant facts necessary for a correctional officer to know that they crossed a constitutional line. *See Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992) ("Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines."). The relevant facts worth considering here for a qualified immunity determination should include the fact that Blanks was sprayed on the back of his shirt. DE 65 at 10.

Looking at a "consensus of cases of persuasive authority from other jurisdictions," *Booker*, 855 F.3d at 539, this Court is not met with a bright line right. Instead, at least two cases proffered in Objecting Defendants' brief sug-

6

gest that Blanks may not possess a right to be free from force in this circumstance. *Hamilton v. Roederer Corr. Complex*, No. 3:20-CV-P160-DJH, 2020 WL 4587524 (W.D. Ky. Aug. 10, 2020) (holding that an inmate pepper sprayed on the back did not possess a constitutionally protected right under the Eighth Amendment); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (holding no violation of rights when proffered evidence showed "force used was applied in a good-faith effort to maintain or restore discipline"). Accordingly, Blanks is entitled to qualified immunity.

## Conclusion

This Court should decline to adopt the recommendation of the magistrate judge's Memorandum to the extent that it recommends denying summary judgment in favor of Ricker.

This 7th day of August 2026.

JEFF JACKSON
Attorney General

/s/ *Tanner J. Ray*
Tanner J. Ray (N.C. Bar No. 59422)
Assistant Attorney General
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6540
Fax: 919-716-6761
tjray@ncdoj.gov

7

CERTIFICATE OF WORD LIMIT

I certify that these Objections do not exceed the word limit governed by

Local Civil Rule 7.3(d)(1). There are 1,400 words in this document.

This 7th day of August 2026.

/s/ *Tanner J. Ray*
Tanner J. Ray
Assistant Attorney General

8

## CERTIFICATE OF SERVICE

I certify that, on this day, I electronically filed these Objections with the Clerk of the Court utilizing the CM/ECF system and will cause the same to be served upon Plaintiff, a non-CM/ECF participant, via regular United States Mail addressed as follows:

Tim Caesar Blanks
OPUS No. 1672948
Eastern Correctional Institution
PO Box 215
Maury, NC 28554
*Pro se plaintiff*

This 7th day of August 2026.

/s/ *Tanner J. Ray*
Tanner J. Ray
Assistant Attorney General