IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TIM CAESAR BLANKS,<br><br>Plaintiff,<br><br>v.<br><br>SGT. CAPEL, OFC. JASMINE BREWINGTON, OFC. J. RICKERS, and LT. ANGELA SESSOMS,<br><br>Defendant. | ) | 1:24-CV-588 |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

The plaintiff, Tim Caesar Blanks, a prisoner of the State of North Carolina, filed suit against several prison guards alleging use of excessive force in violation of his constitutional rights. Upon cross-motions for summary judgment, the Magistrate Judge has recommended dismissing all claims except certain claims against the defendants Sergeant Caple and Officer J. Ricker.[1] Upon review of the record and consideration of the briefing and objections, the Court agrees that the evidence raises disputed questions of material fact as to Mr. Blanks's claim against defendant Caple for violating his Eighth Amendment right to be free of excessive force. But the evidence does not raise such disputed questions against defendant Ricker or any other defendant and those claims will be dismissed.

[1] As recommended by the Magistrate Judge, the Court corrects the spelling of the names of these defendants, which is different from that alleged in the complaint and showing in the case caption.

## I. Background

The present action arises out of Sergeant Caple's use of pepper spray on Mr. Blanks, on February 6, 2024, while he was an inmate housed at Scotland Correctional Institution and the actions of other corrections officers leading up to and following that use of force. The Court incorporates by reference the statement of undisputed facts accurately stated in the recommendation, Doc. 81 at 2–4, reserving further discussion of the evidence in addressing the parties' objections.

Mr. Blanks brings claims under 42 U.S.C. § 1983 for violation of his constitutional rights to be free from excessive force and deliberate indifference to medical needs under the Eighth Amendment. The claims alleged in the complaint, identified in the recommendation, or otherwise discussed in the motions or objections, are as follows:

1. Official capacity claims against all defendants. Doc. 2 at 2–3; *see* Doc. 81 at 8–9.
2. Individual capacity claims:
    a. Excessive force claim against Sergeant Caple for using pepper spray. Doc. 2 at 5; *see* Doc. 81 at 10–15.

    b. Excessive force claim against Officer Ricker for threatening to use pepper spray, ordering Sergeant Caple to use it, and standing by while Sergeant Caple used it. Doc. 2 at 5; *see* Doc. 81 at 15–18.

    c. Excessive force claim against Officer Brewington for instigating excessive force by reporting disruptive behavior and bystander liability. Doc. 2 at 5; *see* Doc. 81 at 19.

    d. Deliberate indifference to medical needs claim against Lieutenant Sessoms by directing officers to leave Mr. Blanks in holding cell after pepper spray and bystander liability. Doc. 2 at 5; *see* Doc. 81 at 20–21.

All parties move for summary judgment, Docs. 60, 61, 64, and the Magistrate Judge has recommended granting the motion of Officer Brewington and Lieutenant Sessoms, but denying Mr. Blanks's motion and denying in part the motions of Officer Ricker and Sergeant Caple. Doc. 81. The parties have objected to certain aspects of the recommendation. Docs. 86, 87, 89. Mr. Blanks moves for appointment of counsel, Doc. 85, and the Magistrate Judge recently granted a motion to withdraw filed by Sergeant Caple's attorney. Doc. 92; *see* 09/16/2026 Text Order.

## II. The Defendants' Motions for Summary Judgment

### A. Official Capacity Claims

The Magistrate Judge recommends granting the defendants' motions on the official capacity claims due to Eleventh Amendment immunity. Doc. 81 at 8–9. Mr. Blanks objects to this determination on the basis that such immunity is waived "if the state removes a case from state to federal court." Doc. 89 at 15. Whether that is so or not, the present case was not removed from state court. *See* Doc. 2. Nothing in Mr. Blanks's objections on this point undermines the Magistrate Judge's analysis, which the Court adopts in full. Mr. Blanks's official capacity claims will be dismissed based on Eleventh Amendment immunity.

### B. Sergeant Caple

The Magistrate Judge recommends denying Sergeant Caple's motion for summary judgment, explaining in detail why there are genuine issues of material fact as to "the malicious and sadistic component" of the excessive force claim, the only aspect contested by the defendant at this stage. Doc. 81 at 11; *see id.* at 10; *see Dean v. Jones*, 984 F.3d

295, 302 (4th Cir. 2021) (stating that the "subjective component" of an Eighth Amendment claim "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" (cleaned up)). The Magistrate Judge also concluded that these genuine issues of fact, coupled with analysis of clearly established law, preclude summary judgment on the defense of qualified immunity. Doc. 81 at 15.

Sergeant Caple raises two categories of objections about the Magistrate Judge's determination, which the Court addresses in turn.

**1. Blatantly Contradicted by the Record**

Sergeant Caple contends that the Magistrate Judge erred in considering Mr. Blanks's statements about his injuries and where he was hit by pepper spray, asserting his statements are "blatantly contradicted" by the record. Doc. 86 at 5–8. But there are several pieces of evidence which taken together could support a reasonable jury in concluding that the pepper spray reached his face and/or was deployed in a manner that it could have reached his face.

Generally, on a motion for summary judgment courts "must review the facts in the light most favorable to [the plaintiff], drawing all reasonable inferences in his favor" and "taking the facts in the best light for" the plaintiff. *Dean*, 984 F.3d at 301. "If the record, so viewed, gives rise to genuine factual disputes about why [a defendant officer] deployed force in the way they did, then those questions must be resolved by a jury, not on summary judgment." *Id*. at 301–02. As a "narrow exception" to this rule, the Court need not accept statements of a plaintiff that are "blatantly contradicted by the record."

*Lewis v. Caraballo*, 98 F.4th 521, 529 (4th Cir. 2024) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). This "difficult" standard "is met only when the plaintiff's version of events is so utterly discredited by the record that it constitutes visible fiction, such that no reasonable jury could believe it." *Id*. (cleaned up). Normally, this exception applies where there is a video of the incident in question that proves the plaintiff's account is false. *See Alexander v. Connor*, 105 F.4th 174, 179 (4th Cir. 2024) (collecting cases).

Here, there is no video evidence that blatantly contradicts Mr. Blanks's evidence, and Sergeant Caple does not contend otherwise.[2] It is undisputed that she deployed pepper spray in the wicket door of the locked holding cell where Mr. Blanks was placed in handcuffs. Doc. 81 at 2. Apart from those undisputed facts, the evidence is in dispute as to where Sergeant Caple directed the spray, the area or areas where Mr. Blanks was hit with spray or spray particles, and where and how Mr. Blanks felt the effects of the spray. *Id.* at 10–12.

For example, as noted by the Magistrate Judge, there is evidence that Mr. Blanks was "summarily maced starting below his waist to his back and upper body," Doc. 70 at 2, and after he was sprayed "his body felt like it was fire," he "couldn't move [or] see," and "had trouble breathing." Doc. 72 at ¶ 22; *see* Doc. 81 at 11–12. Mr. Blanks states that Sergeant Caple sprayed him starting at his "male body parts and work[ing] her way up to [his] eyes and head." Doc. 62-6 at 222; *see id.* at 221. He reported "problems out of left ear where O/C pepper spray got down inside it." *Id.* at 208; *see id.* at 210.

[2] There is a brief summary of video footage in the dismissal letter, but it does not provide a description that blatantly contradicts Mr. Blanks's account. *See* Doc. 62-4 at 6.

Certainly there is conflicting evidence offered by Sergeant Caple. *E.g.* Doc. 71 at ¶ 6; Doc. 62-2 at 15–18; Doc. 62-4 at 5; *see* Doc. 81 at 10–11.[3] But conflicting or inconsistent evidence does not equate to "blatantly contradicted" or "utterly discredited" evidence." *Lewis*, 98 F.4th at 529; *see Alexander*, 105 F.4th at 179 ("A court may not disregard contrary evidence just because there is [evidence] that lines up with a governmental officer's version of events or even makes it unlikely that the plaintiff's account is true" (cleaned up)); *United States v. McClellan*, 44 F.4th 200, 209 (4th Cir. 2022) ("[A]ny credibility determinations based on the Claimants' revision to their original story are for the jury to make.").

Sergeant Caple's objections on this point are overruled.

### 2. Consideration of All Four *Whitley* Factors

Sergeant Caple contends the Magistrate Judge focused exclusively on the reasons Sergeant Caple may have sprayed Mr. Blanks, without necessary analysis of "all four factors set out in *Whitley v. Albers*," 475 U.S. 312 (1986), including the amount of force used. Doc. 86 at 9; *see id*. at 9–13. This contention is unavailing on multiple levels.

First, the *Whitley* factors are not elements, and it is not necessary to prove them all in every case in order to establish an excessive force claim. Instead, the required "subjective" element is whether the officer acted with "wantonness in the infliction of

[3] Sergeant Caple objects specifically to the Magistrate Judge's recitation of evidence that she admitting to spraying Mr. Blanks in his facial area. Doc. 86 at 3–4 (quoting Doc. 81 at 11). She maintains that the evidence is from another officer's report that misreads Sergeant Caple's written statement. *Id*. But the discrepancy raised by Sergeant Caple does not alter the outcome, since this purported admission is not the only evidence about where the pepper spray landed on Mr. Blanks's body or where Sergeant Caple directed the pepper spray.

pain," which "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Dean*, 984 F.3d at 302 (quoting *Whitley*, 475 U.S. at 320–22) (cleaned up). The *Whitley* factors are "four factors from which we may infer the existence of the subjective state of mind required for an Eighth Amendment violation." *Id.* (cleaned up). Those factors are:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response.

*Id.* (cleaned up). A jury may draw inferences from those factors "or other evidence" as to the subjective element of the claim. *Id.* at 302–03.

Second, the Magistrate Judge sufficiently identified genuine issues on factors relevant to the subjective element in this case. *See* Doc. 81 at 7; 11–13. In any event, the Court on *de novo* review finds that genuine issues of fact on these factors require trial. The evidence includes statements in the incident report, the dismissal letter, and medical records, which taken together gives rise to genuine issues of fact about such things as whether Mr. Blanks was disobeying a direct order, whether he posed a security risk, the conditions and manner in which pepper spray was employed, where and how the pepper spray impacted Mr. Blanks, and what officers were saying and doing before, during, and after the spray was deployed. *Id.* at 11–13; *see, e.g.,* Doc. 62-2 at 1–5; Doc. 62-4 at 4–8; Doc. 62-6 at 34, 36, 155, 208, 210, 221–22.

Sergeant Caple's contentions that the *Whitley* factors do not support liability depend on weighing the inferences in her own favor and on arguments that are more

appropriately directed to a jury. Doc. 86 at 3–4, 10–13. Her objections based on the *Whitley* factors are overruled.

Genuine issues of material fact remain on Mr. Blanks's excessive force claim against Sergeant Caple. The Court agrees with ad adopts the magistrate Judge's recommendations as to this claim. The motion for summary judgment of Sergeant Caple will be denied in this part and, as previously discussed, granted only as it relates to the official capacity claim.

**C. Officer Ricker**

The Magistrate Judge recommends granting in part and denying in part Officer Ricker's motion for summary judgment. Specifically, she recommends granting the motion as to Mr. Blanks's claims based on threats and supervisory liability and denying the motion as to bystander liability. Doc. 81 at 15–18. Officer Ricker objects to denying the motion for the claim based on bystander liability. Mr. Blanks objects to granting the motion for the claims based on threats and supervisory liability. The Court addresses these claims in turn.

**1. Bystander Liability**

"An officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002). Here, there are both insufficient allegations to state a claim and insufficient evidence to survive summary judgment on this claim against Officer Ricker.

First, the complaint does not state a claim for bystander liability; at most, it asserts claims against Officer Ricker for making threats and for supervisory liability. Mr. Blanks alleges, for example, that Officer Ricker "threaten[ed] to spray me first, then told [Sergeant Caple] to spray me," both which go to making threats and supervisory liability. Doc. 2 at 5. Mr. Blanks only then suggests generally of all defendants that they failed "to protect [him] from harm," *id.*, but he does not allege facts permitting a plausible inference that Officer Ricker knew that Sergeant Caple was violating his rights and had a reasonable opportunity to prevent the harm. *Randall*, 302 F.3d at 204.

Second, and even if that was not so, the evidence to support a claim based on bystander liability is too thin to support the requisite inferences. Mr. Blanks points to evidence that Officer Ricker told the three sergeants present that "I'm not sure if I can spray him but you're three sergeants, you decide." Doc. 67-9 at 4–5; *see* Doc. 67-19 at 5 (response to Request for Admission 23); Doc. 81 at 17. That's it. There is no evidence tending to indicate that Officer Ricker knew Sergeant Caple would pepper spray Mr. Blanks "maliciously and sadistically" as opposed to using that force in order to "maintain or restore discipline." *Dean*, 984 F.3d at 302. There is no evidence that Officer Ricker had time to stop the use of pepper spray from the moment Sergeant Caple pulled out the canister to the moment she deployed the pepper spray. It is undisputed that "Ricker was not Caple's supervisor," and Caple in fact was "a higher rank than Ricker and Ricker's superior." Doc. 81 at 17. Mr. Blanks does not point to any evidence suggesting how Officer Ricker should have acted to prevent her superior from pepper spraying Mr. Blanks. It would be speculative for a factfinder to infer that Officer Ricker knew Caple

was going to pepper spray Mr. Blanks with a malicious motive and that she thereafter had time to verbally or physically intervene before Sergeant Caple deployed the pepper spray. *See Quinn v. Zerkle*, 111 F.4th 281, 295–96 (4th Cir. 2024) (holding bystander liability claim failed due to insufficient evidence to permit inference of actual knowledge of constitutional violation and opportunity to prevent it).

Mr. Blanks's claim for bystander liability against Officer Ricker will be dismissed. The Court rejects the recommendation of the Magistrate Judge in this part, and Officer Ricker's motion in this part will be granted.

**2. Threats and Supervisory Liability**

The Magistrate Judge correctly determined that there is insufficient evidence to support claims premised on verbal threats made by Officer Ricker and supervisory liability. *See* Doc. 81 at 15–17; *see, e.g., Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."); *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (providing that a supervisor may be liable "only for their personal wrongdoing or supervisory actions that violated constitutional norms").

In his objections, Mr. Blanks contends that Officer Ricker "acted as Caple's supervisor when Ricker gave Caple orders to use unauthorized force." Doc. 89 at 18. The evidence Mr. Blanks cites, comprising the incident report, interrogatory responses, and admissions, does not support this contention, but rather supports the facts as set forth *supra*, and in the Magistrate Judge's recommendation. *See, e.g.*, Doc. 62-2 at 1–2

(incident report); Doc. 67-17 at 2–3 (Officer Ricker's interrogatory responses); Doc. 67-19 at 2 (Sergeant Caple's admissions); Doc. 81 at 15–17.

Mr. Blanks's claims based upon threats and supervisory liability will be dismissed. Officer Ricker's motion in this remaining part is granted.

**D. Officer Brewington**

The Magistrate Judge correctly determined that claims against Officer Brewington should be dismissed because of a lack of evidence that she acted personally in the alleged deprivation of Mr. Blanks's rights. Doc. 81 at 19. "Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (cleaned up).

Here, the undisputed evidence shows that Officer Brewington was not present during the use of force incident. Doc. 81 at 19; *see, e.g.*, Doc. 65-1 at ¶¶ 12–13. There is no evidence that she ordered Sergeant Caple to deploy pepper spray against Mr. Blanks. *See id.* Because she lacked personal involvement in that use of force, Mr. Blanks's claims against her must be dismissed.

In his objections, Mr. Blanks asserts a claim against Officer Brewington based on bystander liability. Doc. 89 at 19–21. He contends that Officer Brewington's admissions and statements depicted in Sergeant Caple's dismissal letter suggest she witnessed the use of pepper spray. But no such inference can be drawn from this evidence. The admissions suggest that Officer Brewington had knowledge of the events that took place, but not from first-person observation. *See, e.g.*, Doc. 67-14 at 1 ("I officer Brewington was not present to see if Charlene Caple used any force against Plaintiff."). The dismissal letter

references Officer Brewington's involvement only in an incident against a different inmate. *See, e.g.,* Doc. 62-4 at 2, 4. In any event, even assuming that Officer Brewington was a witness at some point, this is not enough to establish a claim of bystander liability on the present record, for the same reasons that Officer Ricker is not liable. *See supra* at 8–10.

Mr. Blanks's claims against Officer Brewington will be dismissed, and her motion for summary judgment will be granted.

**E. Lieutenant Sessoms**

The Magistrate Judge correctly determined that claims against Lieutenant Sessoms fail because there is no evidence that any alleged delay in decontamination or medical treatment stemming from her orders put Mr. Blanks at a substantial risk of serious harm. Doc. 81 at 21.

To proceed on a claim based upon deprivation of medical care, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Moskos v. Hardee*, 24 F.4th 289, 297 (4th Cir. 2022). "Mere delay is therefore not enough. . . [T]he objective prong requires the plaintiff to show that the alleged delay put him at a substantial risk of serious harm." *Id.* at 298 (cleaned up).

Here, it is undisputed that "no matter what Sessoms said to do with Blanks after Caple sprayed him, David Graham removed him from the cell approximately three minutes after Sessoms was seen outside of the cell and approximately five minutes after Caple sprayed him." Doc. 81 at 21; *see* Doc. 72 at 2; Doc. 62-4 at 6. Officers then took him "to the showers to decontaminate," and then for a "medical assessment." Doc. 81 at

21; *see* Doc. 67-6 at 2, 4, 9–10. This delay, without a showing of a substantial risk of serious harm, is not enough to show a constitutional violation nor to overcome qualified immunity. *Moskos*, 24 F.4th at 298.

In his objections, Mr. Blanks suggests that he was in the holding cell after being sprayed for a longer amount of time. Doc. 89 at 22–25. But the evidence he cites does not support that suggestion and instead is consistent with the Magistrate Judge's recitation of the undisputed evidence. *See, e.g.,* Doc. 62-2 at 2–3 (incident report stating that video shows spray administered at 22:05 hours and Mr. Blanks is removed at 22:09 hours); Doc. 62-4 at 6 (dismissal letter stating that spray administered at 10:05:08 p.m. and Mr. Blanks is removed at 10:10 p.m.). Mr. Blanks also contends the video "places LT Sessoms there when the spraying incident occurred," Doc. 89 at 24, but neither video summaries state this. Doc. 62-2 at 2; Doc. 62-4 at 6. Rather, they note that Lieutenant Sessoms "walked out of the sergeant's office" at 10:06:22 p.m. Doc. 62-4 at 6; *see* Doc. 62-2 at 2. Mr. Blanks's objection based upon timing is unavailing.

Mr. Blanks contends that, after returning from medical assessment, he was returned to the same holding cell "the entire night and morning." Doc. 89 at 24. But Mr. Blanks does not point to any evidence connecting this extended stay in the holding cell to any action by Lieutenant Sessoms. This claim cannot proceed absent evidence that Lieutenant Sessoms "acted personally in the deprivation of the plaintiffs' rights." *Wilcox*, 877 F.3d at 170.

Mr. Blanks's claims against Lieutenant Sessoms will be dismissed, and her motion for summary judgment will be granted.

## III. Mr. Blanks's Motion for Summary Judgment

The Magistrate Judge recommends denying Mr. Blanks's motion for summary judgment because the evidence is disputed and does not permit the Court to rule as a matter of law in his favor on any claim. Doc. 81 at 9–10. Mr. Blanks objects to this recommendation on the basis of his pro se litigation status and because the record shows he did nothing wrong and Sergeant Caple had no reason to spray him. Doc. 89 at 16–17.

The Court has consistently been mindful of Mr. Blanks's pro se status in liberally construing his claims. *See supra*; *see also* Doc. 5 at 2; Doc. 43 at 1–2; Doc. 81 at 5, 17. But pro se status alone does not mean courts ignore undisputed facts.

Here, for reasons already discussed, the undisputed evidence shows that defendants Ricker, Sessoms, and Brewington are entitled to summary judgment. Nothing in Mr. Blanks's arguments undermines the reasoning in the Magistrate Judge's recommendation as to defendants Sessoms and Brewington, nor has he pointed to evidence that shows Officer Ricker is liable as a matter of law.

And as to Sergeant Caple, Mr. Blanks ignores conflicting evidence and inferences. For example, the evidence appears undisputed that Mr. Blanks had been belligerent and threatening and that he refused to cooperate with the removal of his handcuffs. Sergeant Caple testifies that she was required to remove those handcuffs once he was in a locked cell. Doc. 62-5 at ¶¶ 5–6. Almost all of the evidence indicates that the pepper spray was deployed towards Mr. Blanks's back, not his face. A jury could conclude that Caple acted in an effort to compel Mr. Blanks to cooperate with the removal of the handcuffs.

For reasons already discussed, and as the Magistrate Judge's recommendation accurately concludes, there are disputed questions of fact as to the claim against Sergeant Caple.

Mr. Blanks's motion for summary judgment in his favor is denied.

## IV. Representation Issues

After entry of the Magistrate Judge's recommendation, Mr. Blanks filed the present motion to appoint counsel. Doc. 85. To the extent that Mr. Blanks seeks appointment of counsel to assist him with adjudication of the summary judgment motions, Mr. Blanks's motion is denied. Mr. Blanks has demonstrated through his filings that he has been capable of representing himself, the claims are not particularly complicated, and the summary judgment motions are partly resolved in his favor.

The motion will be granted in part as it relates to appointment of counsel for pretrial and trial matters going forward, to the following extent. The Court will direct the Clerk to attempt to locate pro bono counsel willing to represent Mr. Blanks at trial pursuant to Standing Order 6.

The motion to withdraw as attorney, by Richard A. Paschal, on behalf of the defendant Sergeant Caple, Doc. 92, was granted by the Magistrate Judge on September 16, 2026. If the Clerk is able to locate pro bono counsel for Mr. Blanks, and in view of the reasons set forth by Mr. Paschal for his withdrawal, then the Court also directs the Clerk to attempt to locate pro bono counsel willing to represent Sergeant Caple at trial; of course, Sergeant Caple is free to represent herself, if she prefers.

## V. Conclusion

Upon appropriate review, including *de novo* review of those matters as to which the plaintiff has specifically objected, the Court finds no error in the Magistrate Judge's analysis, except as to bystander liability of Officer Ricker. The recommendation is adopted in all remaining respects.

It is **ORDERED AND ADJUDGED** as follows:

1. The plaintiffs' motion for summary judgment, Doc. 60, is **DENIED**.
2. Sergeant Caple's motion for summary judgment, Doc. 61, is **GRANTED IN PART** as to the official capacity claims against her and **DENIED IN PART** as to the excessive force claim. The plaintiff's claim for excessive force against Sergeant Caple will proceed to trial.
3. The motion for summary judgment of the defendants Officer Ricker, Officer Brewington, and Sergeant Sessoms, Doc. 64, is **GRANTED**, and all claims against them are **DISMISSED**.
4. The motion to appoint counsel by Mr. Blanks, Doc. 85, is **GRANTED IN PART** as it relates to appointment of counsel for trial preparation and trial matters going forward and **DENIED IN PART** as it relates to any other proceedings in this case.
5. The Court directs the Clerk to attempt to locate pro bono counsel willing to represent Mr. Blanks at trial pursuant to Standing Order 6. If successful, then the Court also directs the Clerk to attempt to locate pro bono counsel willing to represent Sergeant Caple at trial.

6. The Clerk **SHALL** mail a copy of this Order to former Sergeant Caple at the address provided by her former attorney. Doc. 92 at 9. Mr. Paschal **SHALL** also provide a copy of this Order to Sergeant Caple.

**SO ORDERED**, this the 17th day of September, 2026.

UNITED STATES DISTRICT JUDGE